IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CURTIS JAMES MCGUIRE | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-193 |
| JEFFREY WOODWARD, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Curtis James McGuire, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Jeffrey Woodward, Shakietha Thomas and Emma Davis. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants have filed a joint Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. #49.)

Factual Allegations

In an amended complaint (doc. #16), Plaintiff alleges that on September 15, 2019, Defendant Woodward, a major, presided over a meeting of the Unit Classification Committee ("UCC"). Plaintiff states the UCC is required to use information in an inmate's file to determine housing and work assignments, transportation needs, and disciplinary measures. He states Defendant Woodward told him he would no longer be assigned to a job in the kitchen because, as a sex offender, he was not allowed to work around women. Defendant Woodward also told Plaintiff he would be assigned to a single cell for the same reason. Plaintiff alleges these actions were taken in retaliation for his criminal history.

Plaintiff further alleges that from August, 2019, through March, 2020, he was sent to Galveston Hospital because he suffered from chronic hematuria[1] and extreme flank pain. He states

---

[1] Hematuria is a condition that involves the emission of blood in the urine. *Duckworth v. Ahmad*, 532 F.3d 675, 677 (7th Cir. 2008).

that Defendant Davis, a nurse, refused to refer him to a specialist based on the large amount of blood in his urine. She told Plaintiff that the large amount of blood was due to him being a serial masturbator. Plaintiff states that after he complained, he was assigned to a different doctor, who referred him to a specialist.

Plaintiff asserts that Defendant Thomas, a grievance investigator, contributed to the retaliation against him by granting officials an extension to reply to every grievance Plaintiff filed. Then, Defendant Thomas responded to each grievance by stating there were not facts to support the claim. Plaintiff also states his grievances began to vanish and that officers developed a habit of giving his grievances to his cell mate.

## The Motion to Dismiss

Initially, Defendants assert that to the extent they are sued in their official capacities for money damages, they are entitled to immunity under the Eleventh Amendment. Defendants also assert they are entitled to qualified immunity with respect to the claims against them in their individual capacities.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief can be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its

face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

*Eleventh Amendment Immunity*

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf States Utils. Co., Loc. Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Federal claims against state officials in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, Defendants are entitled to immunity under the Eleventh Amendment for claims for money damages against them in their official capacities. This court therefore lacks subject-matter jurisdiction over any official capacity claim for money damages.

*Qualified Immunity*

The doctrine of qualified immunity affords protection to officials against individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Evaluating qualified immunity is a two-step process, with the plaintiff bearing the burden of showing that the defendant is not entitled to immunity. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). First, the court must determine whether a plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. 736. Then, if a constitutional right was violated, the court must determine whether the right was clearly established at the time of the violation. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). A specific right is clearly established only if its contours "are sufficiently clear that a reasonable official would understand that

what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000).

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the defense is not valid. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*). In the context of a motion to dismiss for failure to state a claim, the plaintiff's burden is discharged if "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

*Claim Against Defendant Woodward in his Individual Capacity*

Plaintiff alleges Defendant Woodward changed his job assignment and his housing assignment in retaliation for his criminal history.

"An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). To establish a retaliation claim, an inmate must prove: (1) he was exercising a specific constitutional right; (2) a defendant intended to retaliate against the inmate for exercising that right; (3) a retaliatory adverse act by a defendant and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).

As described above, Plaintiff alleges Defendant Woodward took adverse actions against him because, based on his criminal history, he considered Plaintiff to be a sex offender. While a correctional official may not retaliate against an inmate for exercising a constitutional right, Plaintiff did not have a constitutional right to commit a criminal act. The purpose of allowing inmate retaliation claims under Section 1983 is to ensure prisoners are not unduly discouraged from exercising constitutional rights. *Id*. at 686. Plaintiff does not allege that the actions of Defendant Woodward discouraged him from exercising a constitutional right.

Plaintiff's allegations therefore fail to satisfy the first element of his cause of action. As Plaintiff has failed to demonstrate a constitutional violation, Defendant Woodward is entitled to qualified immunity.

*Claim Against Defendant Davis*

Plaintiff alleges Defendant Davis was deliberately indifferent to his serious medical needs. To establish a violation of the Eighth Amendment to the Constitution based on the denial of medical care, a prisoner must allege a defendant was deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A defendant is deliberately indifferent to serious medical needs only if she knows an inmate faces a substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Negligence or neglect does not rise to the level of a constitutional violation. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). In addition, disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001), the Fifth Circuit described the deliberate indifference standard as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a clam for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs.

A delay in receiving medical treatment can constitute a constitutional violation, but only if there is deliberate indifference that results in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

Plaintiff states he saw Defendant Davis after blood had been detected in his urine. He states she refused to refer him to a specialist and told him that the blood may have been the result of excessive masturbation. Plaintiff states he was subsequently examined by a physician who referred him to a specialist.

Plaintiff's allegations indicate he was seen by Defendant Davis once. He does not indicate she ignored his complaint concerning blood in his urine, although he states she did not refer him to

5

a specialist as he requested. Instead, she stated the blood might not have been the result of a medical condition.

As set forth above, disagreement as to diagnosis or treatment does not constitute deliberate indifference. It could be argued that Defendant Davis should have erred on the side of caution and referred Plaintiff to a specialist. Plaintiff's allegations, however, do not indicate Defendant Davis ignored his complaint or intentionally treated him incorrectly. If Defendant Davis erred in not referring him to a specialist, this error would amount to no more than negligence. As negligence is insufficient to establish a constitutional violation, Defendant Davis is entitled to qualified immunity.

*Claim Against Defendant Thomas*

Plaintiff states Defendant Thomas contributed to the retaliation against him by giving officials extensions to respond to every grievance he filed. He also alleges Defendant Thomas failed to properly respond to his grievances and that his grievances began to disappear.

The elements of a claim for retaliation are set forth above. Plaintiff's allegations regarding retaliation on the part of Defendant Thomas, like his allegations regarding Defendant Woodward, fail to show Defendant Thomas retaliated against Plaintiff for exercising a constitutional right. In addition, inmates do not have a constitutionally protected liberty interest in having grievances resolved or processed to their satisfaction. *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). As Plaintiff's allegations fail to demonstrate a constitutional violation by Defendant Thomas, she is entitled to qualified immunity.

## Conclusion

For the reasons set forth above, Defendants are entitled to immunity under the Eleventh Amendment with respect to the claims against them in their official capacities. They are also entitled to qualified immunity regarding the claims against them in their individual capacities. The Motion to Dismiss should therefore be granted.

<u>Recommendation</u>

The Motion to Dismiss should be granted.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 29th day of June, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE